IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2:06-cr-267-WKW |
| v. | ) | 2:07-cr-242-WKW |
| | ) | 2:07-cr-295-WKW |
| RICHARD A. EVANS, a/k/a | ) | 2:07-cr-305-WKW |
| RICHARD EVANS, a/k/a | ) | 2:07-cr-321-WKW |
| RICHARD ALLEN EVANS | ) | 2:07-cr-323-WKW |
| | ) | 2:07-cr-324-WKW |

## PLEA AGREEMENT

DEFENSE COUNSEL:          Donnie Wayne Bethel and Michael Petersen

ASSISTANT U.S. ATTORNEY:     Clark Morris

## CHARGES PLEADING PURSUANT TO PLEA AGREEMENT:

### 18 U.S.C. § 2113(a)

Whoever, by force and violence, or by intimidation, takes or attempts to take for the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank credit union, or any savings and loan association....Shall be fined under this title or imprisoned not more than twenty years or both.

## PENALTIES - MAXIMUM PENALTY:

### 18 U.S.C. §§ 2113(a)

Z ACM _08_ ☇

A term of imprisonment which may not be more than ⅩO years, a fine not to exceed $250,000, or both fine and imprisonment; a term of supervised release of no more than 3 years; and an assessment fee of $100.00.

## ELEMENTS OF THE OFFENSE(S):

### 18 U.S.C. 2113(a):

1.     That the Defendant took from the person or the presence of the person described in the indictment, money or property then in the possession

of a federally insured bank as charged.

2.   That the defendant did so by means of force or violence or by means of intimidation.

3.   That the Defendant did so knowingly and willfully.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clark Morris, Assistant United States Attorney, and Donnie Wayne Bethel, Esquire, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictments and Information in case numbers 2:06-cr-267-WKW, 2:07-cr-242-WKW 2:07-cr-295-WKW, 2:07-cr-305-WKW, 2:07-cr-321-WKW, 2:07-cr-323-WKW, 2:07-cr-324-WKW and a Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1.  Upon entering a plea of guilty by the defendant to the offenses charged in the above-styled indictments and information, the attorney for the Government will do the following:

a.   Agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.   Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one-level, pursuant to U.S.S.G.

2

§ 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

b. Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 reflect the defendant's substantial assistance. In that motion, the Government will recommend a downward departure of at least three levels. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 is at the sole discretion of the United States, and, at the sole discretion of the United States, the recommended departure may be more than the above mentioned three levels if the defendant's substantial assistance reflects and/or merits such further departure. After sentencing, should Defendant provide further cooperation not contemplated by this agreement the Government may file for a further reduction pursuant to Fed. R. Crim. P. 35. Determination of whether to file for a downward departure pursuant to Rule 35, and if a departure is filed, the level of that departure, is at the complete discretion of the Government.

c. Agrees that, at sentencing, all of these cases should be grouped as if they were charged in the same indictment and the each above-cited case should run concurrently with the other above-cited cases.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

3

a.  To plead guilty to the Indictments and Information in the above-styled cases.

b.  Not to commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged or chargeable or not.   Determination of whether Defendant's conduct is a violation of this provision is at the complete discretion of the Government.

c.  To the full application of the United States Sentencing Guidelines to his offense.

d.  To agree that facts that determine his offense level will be found by the Court at sentencing by a preponderance of the evidence and that the Court may consider any reliable evidence, including hearsay.

## FACTUAL BASIS

4.  The defendant admits the allegations charged in the above-styled indictments and information, and understands that the nature of the charge to which the plea is offered involves proof as to  the charged offenses.   More specifically the defendant admits the following occurred:

On or about the 18th day of October, 2006, in Montgomery County, within the Middle District of Alabama, the defendant, Richard A. Evans, by force, violence and intimidation did take from the person and presence of another, approximately $1,813.00 in currency belonging to and in the care, custody, control, management and possession of Compass Bank, located at 3508 Eastdale Mall, Montgomery, Alabama, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

On or about the 2nd day of October, 2006, in Walker County, within the Northern District

4

of Alabama, the defendant, Richard Allen Evans, knowingly, intentionally, and unlawfully, by force, violence and intimidation did take from the person and presence of another money belonging to and in the care, custody, control, management and possession of the Compass Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation (FDIC) in violation of Title 18, United States Code, Section 2113(a).

On or about the 19th day of September, 2006, in Madison County, within the Northern District of Alabama, the defendant, Richard Allen Evans, knowingly, intentionally, and unlawfully, by force, violence and intimidation did take from the person and presence of another money belonging to and in the care, custody, control, management and possession of the AmSouth Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation (FDIC) in violation of Title 18, United States Code, Section 2113(a).

On or about September 11, 2006, in the Western District of New York, the defendant, Richard Allen Evans, did, by force, violence and intimidation, knowingly take, from the person and presence of another, money belonging to and in the care, custody, control, management, and possession of Key Bank, at 2429 Military Road, in the Town of Niagara, New York, the deposits of which were then insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Section 2113(a).

On or about September 8, 2006, in the Western District of New York, the defendant, Richard Allen Evans, did by force, violence and intimidation take from the person or presence of another money belonging to and in the care, custody, control, management and possession of Citizens Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, specifically the Citizens Bank branch located at 2199 East Henrietta Road, Henrietta, New York. All in violation of Title 18, United States Code, Section 2113(a).

On or about August 13, 2006, in the State and District of Colorado, Richard Evans, defendant herein, did knowingly, by force and violence and by intimidation, take and attempt to take from the person and presence of another, to wit: Meaghan Couture, and others, money and property belonging to and in the care, custody, control, management and possession of TCF Bank located at 11968 Vrain Street, Westminister, Colorado; and further, at all times relevant herein, the monies and deposits of TCF Bank were insured by the Federal Deposit Insurance Corporation, an agency of the United States government. The conduct described above was in violation of Title 18, United States Code, Section 2113(a).

On or about August 17, 2006, in the States and District of Colorado, Richard Evans, defendant herein, did knowingly, by force and violence, and by intimidation, take and attempt to take from the person and presence of another, to wit: Nicole Sandoval, and others, money and property belonging to and in the care, custody, control, management and possession of TCF Bank located at 7790 80th Avenue, Arvada, Colorado; and further, at all times relevant herein, the monies and deposits of TCF Bank were insured by the Federal Deposit Insurance Corporation, an agency of the United States government. The conduct described above was in violation of Title 18, United States Code, Section 2113(a).

On or about the 5th day of September, 2006, within the Middle District of Pennsylvania, the defendant, RICHARD A. EVANS, by force, violence and intimidation did take from the person and presence of another, approximately $1,041.00 in currency belonging to and in the care, custody, control, management and possession of First Liberty Bank and Trust, located Scranton, Pennsylvania, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

6

## APPLICATION OF SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

5.    It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may or may not follow the recommendation set forth in the agreement, or defer its decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances.  Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case.  Defendant further understands that the Court will consider the factors enumerated in Title 18, United States Code, Section 3553(a), in imposing a sentence. Specifically, the Court will consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

7

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for the applicable

category of offense committed by the applicable category of defendant as set

forth in the sentencing guidelines;

(5)     any pertinent policy statement  – (A) issued by the Sentencing Commission

subject to any amendments made to such policy statement by act of Congress;

and (B) that, except as provided in section 3742(g), is in effect on the date the

defendant is sentenced;

(6)     the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.


See 18 U.S.C. § 3553(a).


## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

6.  Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the

sentence under certain circumstances, the defendant expressly waives any and all rights

conferred by 18 U.S.C. § 3742 to appeal the sentence.  Defendant specifically waives the right

to appeal the sentence on the grounds that the sentencing guidelines are in any respect

unconstitutional, or that any fact found by the Court for sentencing was not alleged in the

Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt.

Defendant further expressly waives the right to appeal the conviction and sentence on any

other ground and waives the right to attack the sentence in any post-conviction proceeding.

8

This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds.  But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.  Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).  However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

## COOPERATION AGREEMENT

7. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever

called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees, if desired by the Government, to travel with agents outside the Middle District of Alabama to identify others involved in with the Defendant, locations and/or residences of others involved, or any other information related to others involved in this narcotics trafficking activity. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly. The defendant understands that this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold

10

evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. §§ 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencings the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the defendant. The question of whether Defendant has breached this agreement shall be at the sole discretion of the Government.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

8. The defendant, before entering a plea of guilty to the above-styled cases, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $800.00 assessment fee is to be paid by the defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and

11

complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office.  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f.  The Defendant further understands and advises the Court that the Plea

12

Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the Court does not accept the plea agreement, the Defendant would be permitted to withdraw the defendant's plea, if the defendant so chooses.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The defendant understands that there is no possibility of a sentence of probation.

13

k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

9. The undersigned attorneys for the Government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

10.  The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by

14

defendant's counsel or the U.S. Attorney.

This **15th** day of January, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

*[signature]*

A. CLARK MORRIS
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: clark. morris@usdoj.gov
ASB-1613-N77A

*[signature]*

Louis V. Franklin, Sr.
Chief, Criminal Division

15

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

RICHARD A. EVANS
Defendant

Jan 10, 2008
Date

Donnie Wayne Bethel
Michael Petersen
Attorney for the Defendant

10 Jan 08
Date

16